# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:14CR00001-009 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| CECIL A. McCONNELL, JR., ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Zachary A. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Defendant Cecil A. McConnell, Jr. was convicted by a jury on October 22, 2014, for offenses in violation of the Controlled Substance Analogue Enforcement Act of 1986 ("CSAEA"), 21 U.S.C. § 802(32). In the meantime, a pending Supreme Court review of a relevant Fourth Circuit decision has cast doubt on certain of the court's rulings at trial. After successfully moving to continue his sentencing proceeding pending the Supreme Court's decision, McConnell now moves for an extension of time, beyond the fourteen days provided in Federal Rule of Criminal Procedure 33, to file a motion for a new trial. McConnell contends that, due to the circumstances surrounding the Supreme Court appeal, the failure to file a timely motion on these grounds was excusable neglect. *See* Fed. R. Crim. P. 45(b) (providing exception to time limits in Rule 33 on basis of excusable neglect).

For the following reasons, I find that the defendant's failure to file a timely motion for a new trial on these grounds was excusable neglect, and thus grant the defendant's motion for an extension of time.

Federal Rule of Criminal Procedure 33(b)(2) provides that a motion for a new trial for any reason besides newly discovered evidence must be filed within fourteen days of the finding of guilt. However, Rule 45(b)(1)(B) permits the court to extend the time for filing a motion beyond the fourteen days upon a finding of "excusable neglect" by the party.

The Fourth Circuit has not yet addressed the question of what constitutes excusable neglect under Rule 45(b)(1)(B) for the purpose of late-filed Rule 33 motions. *See United States v. Turner*, No. 3:97-CR-20-01, 2010 WL 6267790, at \*2 (N.D.W. Va. Aug. 13, 2010). However, the Fourth Circuit has noted that "[e]xcusable neglect generally has the same meaning throughout the federal procedural rules." *Martinez v. United States*, 578 F. App'x 192, 194 n.\* (4th Cir. 2014) (unpublished). The Supreme Court set forth factors to evaluate excusable neglect in the bankruptcy context in *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380, 395 (1993), and implicitly extended these factors to criminal cases in *Stutson v. United States*, 516 U.S. 193, 196-97 (1996). Further, the Sixth Circuit explicitly applied these factors to late-filed Rule 33 motions in *United States v. Munoz*, 605 F.3d 359, 369 (6th Cir. 2010).

The determination of whether a late-filed motion for a new trial was the result of excusable neglect "'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* at 368 (quoting *Pioneer*, 507 U.S. at 395). However, "'a party that fails to act with diligence will be unable to establish that [his] conduct constituted excusable neglect.'" *Martinez*, 578 F. App'x at 194 (quoting *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 413 (4th Cir. 2010)). In this inquiry, courts have articulated five factors to consider: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the late-filing party acted in good faith. *Munoz*, 605 F.3d at 368. The "factors do not carry equal weight; the excuse given for the late filing must have the greatest import. While [the others] might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry." *Id*. at 372 (internal quotation marks and citations omitted); *see also Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996) ("The most important of the factors identified in *Pioneer* for determining whether 'neglect' is 'excusable' is the reason for the [delay].").

The reason for the delay in this case is unusual. The jury instructions used in McConnell's prosecution were based on the Fourth Circuit's decision in *United*

*States v. McFadden*, which held that the "intent element [under the CSAEA] requires that the government prove that the defendant meant for the substance at issue to be consumed by humans." 753 F.3d 432, 441 (4th Cir. 2014). McConnell vigorously contested this mens rea issue pre-trial, arguing that *McFadden* was wrongly decided and pointing to other circuits which have interpreted the CSAEA to require the government to prove that the defendant knew that the substances he was selling had chemical structures and effects similar to controlled substances. *See, e.g., United States v. Turcotte*, 405 F.3d 515, 527 (7th Cir. 2005). The Fourth Circuit in *McFadden*, however, rejected the "strict knowledge requirement" imposed in *Turcotte*, and held that the CSAEA "may be applied to a defendant who lacks actual notice that the substance at issue could be a controlled substance analogue." 753 F.3d at 444.

A petition for certiorari to the Supreme Court in the *McFadden* case, based on this circuit split, was filed October 2, 2014. In the meantime, bound by Fourth Circuit precedent, I rejected McConnell's arguments and instructed the jury that the defendant need only have intended that the substances sold be consumed by humans. The jury returned a verdict of guilty on October 22, 2014. McConnell timely filed a motion for a new trial on other grounds on November 5, 2014, but did not raise the mens rea issue. The motion for a new trial was denied on December 8, 2014.

Thereafter, the Supreme Court granted certiorari in the *McFadden* case on January 18, 2014. In his brief to the Supreme Court, the Solicitor General conceded that *McFadden* was incorrectly decided, agreeing with the petitioner that to violate the CSAEA, "a defendant must have known that the substance he possessed or distributed was controlled or regulated, that is, that the substance was some kind of prohibited drug." (Br. for the United States, 2015 WL 1501654, at *19 (Apr. 1, 2015) (internal quotations marks, footnote, and citation omitted)). In the briefs and at oral argument before the Court, held April 24, 2014, discussion centered on whether the government would need to prove that the defendant knew the chemical structures of the substances sold and that they were analogues, or whether general knowledge of illegality or regulated status would be sufficient. The Supreme Court likely will hand down its decision by the end of its term in June.

Based on these facts, the reason for the delay in this case and the related factor of whether the delay was in the defendant's control cut both ways, but ultimately in favor of the defendant. On the one hand, counsel for McConnell obviously knew of *McFadden* and its pending review in the Supreme Court before the trial, and indeed argued against its use in formulating jury instructions. The same arguments could have been made in the motion for a new trial, but were not raised. On the other hand, the same arguments had previously been raised pre-trial

and rejected by this court as a matter of binding precedent. Moreover, certiorari was not granted in *McFadden* until January 18, 2015, and McConnell had no way of knowing that the Supreme Court would hear the appeal. Nor could he have been expected to anticipate that the United States would concede McFadden's arguments on the mens rea issue, or that the Supreme Court would prove receptive to reversal at oral argument. In other words, this is a unusual case, in that not only is the case governing the jury instructions soon to be decided by the Supreme Court, but that it is likely that the *McFadden* ruling will be rejected.

Courts have held that a "significant intervening change in the law is a valid reason for delay in filing the post-verdict motions," particularly where "the timing of the Supreme Court's decision was clearly beyond the defendant's control." *United States v. Maricle*, No. 6: 09–16–S–DCR, 2010 WL 3927570, at *3 (E.D. Ky. Oct. 4, 2010); *accord Pioneer*, 507 U.S. at 388 (stating that "intervening circumstances beyond the party's control" may constitute excusable neglect). In a somewhat similar case, one district court found that a defendant's delay in filing a motion for a new trial in light of the Supreme Court's decision in *Skilling v. United States*, 561 U.S.358 (2010), constituted excusable neglect, given that the defendant was convicted of honest services fraud months before the Supreme Court's decision. *United States v. Sprouse*, No. 3:07cr211-2, 2011 WL 2414322 at *1 (W.D.N.C. June 10, 2011). The court reasoned that, at the time of the defendant's

-6-

Case 2:14-cr-00001-JPJ-PMS   Document 529   Filed 05/18/15   Page 6 of 8   Pageid#: 4459

conviction, "there was no basis on which to move for a new trial as the Supreme Court had not yet even granted certiorari in *Skilling*." *Id.* at *3. The court noted that, "[w]ithout the benefit of the Supreme Court's opinion . . . any argument based on *Skilling* . . . would have been purely speculative." *Id.* (quoting *Maricle*, 2010 WL 3927570, at *3). The court's decision in *Sprouse* was ultimately reversed by the Fourth Circuit, but on the grounds that Sprouse was not entitled to a new trial because any error in the jury instructions was harmless. *United States v. Sprouse*, No. 11-4715, 2013 WL 1397166, at *6 (4th Cir. Apr. 8, 2013) (unpublished). The Fourth Circuit did not address the district court's analysis as to excusable neglect. However, I find the district court's reasoning persuasive in this regard.

As to the other factors, there is very little prejudice to the government. The trial was less than eight months ago, so there is little risk that physical evidence or witness testimony will be lost. *See Munoz*, 605 F.3d at 371 (concluding that six-month delay would not unduly prejudice government); *Cf. Turner*, 2010 WL 6267790, at *4 (finding ten-year delay prejudicial to government). Finally, there is no evidence that McConnell has acted in bad faith. To the contrary, McConnell raised the possibility of a new trial with the court soon after oral argument in *McFadden*, when the posture of that case became clear.

For these reasons, it is **ORDERED** that the Motion for Extension of Time (ECF Nos. 524 and 528) is GRANTED and the time for the defendant to file a

motion for a new trial is extended to and including fourteen days following the Supreme Court's decision in *McFadden v. United States*, No. 14-378.

ENTER: May 18, 2015

/s/  James P. Jones
United States District Judge